**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**MERLYN JANNETH**
**MEJIA BERNARDEZ,**
**#A-203460376,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv767**

**UNKNOWN,**

**Respondents.**

**REPORT AND RECOMMENDATION FOR DISMISSAL**

On July 17, 2026, the court received a letter submission from pro se Petitioner Merlyn Janneth Mejia Bernardez ("Petitioner" or "Bernardez"), an immigration detainee currently being housed at Caroline Detention Facility. The letter appears to challenge the denial of her request for asylum from her home country of Honduras, describing her fears of persecution if returned. (ECF No. 1). The court construed the submission as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and conditionally filed the submission, which was then referred to me pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

Because the submission lacked any request for relief and was missing other details, by Order entered July 23, 2026, the court directed Bernardez to complete the proper forms for Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 and Affidavit to proceed In Forma Pauperis and provided the appropriate forms to do so. (ECF No. 4). The court received no response to this Order and Order was not returned to the court as undeliverable. Thereafter, the court entered an Order to Show Cause why Bernardez's petition should not be dismissed, and she was warned that the court could dismiss some or all of her claims if she did not comply. (ECF No. 5). The Order to Show Cause was returned to the court as undeliverable and marked "Return to Sender, Detainer No Longer

At This Facility—Released 9/5/26." Petitioner has not notified the court of any removal, relocation or release from ICE custody.

Bernardez previously filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 alleging she had been unlawfully detained and denied a bond hearing under 8 U.S.C. § 1226. Bernardez v. Perry, et al., No. 2:26cv252 (E.D. Va. March 17, 2026) ("Bernardez I"). In that case, on March 18, 2026, the court entered an Order directing Respondent to file an answer to the Petition. Id., at 4. That Order further directed that Bernardez not be removed or transferred from this district. On March 19, 2026, Respondents filed a response to the Petition in Bernardez I stating that the factual and legal issues in the Petition did not differ in any material fashion from those presented in Duarte Escobar v. Perry, *et al.*, 807 F. Supp. 3d 564 (E.D. Va. 2025). Bernardez I (ECF No. 6). And on March 20, 2026, the court entered a Memorandum Order granting Bernardez's Petition and ordering that she be provided a bond hearing before an Immigration Judge. Bernardez I (ECF No. 7). On March 23, 2026, Bernardez was provided a bond hearing and was denied bond as a danger to the community and as a risk of flight. Bernardez I, Status Report (ECF No. 9).

On April 23, 2026, an Immigration Judge ordered Petitioner removed from the United States to her home country in Honduras. Id. Bernardez appealed the Removal Order but subsequently withdrew her appeal. The Board of Immigration Appeals granted the motion to withdraw appeal, resulting in Bernardez's Removal Order becoming administratively final on August 26, 2026. Bernardez I, Resp'ts' Mem. Supp. Mot. to Vacate (ECF No. 11). Thereafter, Respondents moved to have that portion of the court's March 18 Order vacated with respect to the Respondents being enjoined from removing Bernardez from the United States. Id. By Order entered September 2, 2026, the court confirmed its intention that the prohibition was not to extend beyond entry of a final judgment of the merits of the Petition and expressly granted permission for Bernardez's transfer or removal from the district. Bernardez I, Order (ECF No. 12).

Based on the foregoing, it appears Bernardez's second Petition pending in this action has been rendered moot by her previous bond hearing, subsequent Final Order of Removal, and her likely removal to Honduras. When a petitioner has already received a discretionary bond hearing, petitions requesting the same relief—another bond hearing—are typically rendered moot. See Hossain v. Lyons, No. 1:25-cv-1841 (E.D. Va. Nov. 20, 2025) (ECF No. 21) (finding that an Immigration Judge's prior denial of bond rendered the petitioner's § 2241 petition moot because the petitioner "has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge"); Pabon v. Crawford, No. 3:26-cv-230, 2026 WL 1494463, at *3 (E.D. Va. May 28, 2026) ("[B]ecause Petitioner has already received a bond hearing, the Court need not determine whether he is being held pursuant to 8 U.S.C. § 1225(b) or § 1226(a)."); Sidelemine v. Crawford, No 3:26-cv-281, 2026 WL 1195850, at *2 (E.D. Va. May 1, 2026) (finding a § 2241 petition moot because the petitioner already received a discretionary bond hearing, at which the Immigration Judge denied bond). The supporting facts outlined above make it clear that—at a minimum—Bernardez has already had a bond hearing and been denied bond, thus establishing she has already obtained the only relief this court is empowered to grant.

Separately, the fact that Bernardez is now subject to an administratively final Order of Removal changes the basis for her continued detention. Under 8 U.S.C. § 1231, the United States is provided ninety days to execute a removal upon a final order. The 90-day removal period begins on the latest of three dates: (1) the date the order becomes administratively final; (2) if the removal is judicially reviewed and the court orders a stay of the removal, the date of the court's final order; and (3) if the individual is detained or confined, the date of his release. 8 U.S.C. § 1231(a)(1)(B). Upon the lapse of the 90-day removal period, the government must "subject [the non-citizen] to [an order of] supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3).

Under Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231 authorizes post-removal-period detention only for "a period reasonably necessary to bring about [the] alien's removal from the United States." Id. at 689; see also 8 U.S.C. § 1231(a)(6). It further concluded that a "reasonably necessary" period is presumptively six months. Zadvydas, 533 U.S. at 701; Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he Zadvydas standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation."). Bernardez's detention under that statue began less than one month ago. Thus, any challenge Bernardez might make to her continued detention under Zadvydas is months pre-mature. Finally, in light of the court's prior Orders in Bernardez I, it seems likely that Bernardez has been released from ICE custody and removed to her home country.

For all these reasons, I recommend that her current petition be DISMISSED AS MOOT.

By copy of this report and recommendation, the Petitioner is notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

Petitioner is further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the Petitioner at address on file with the court.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
October 6, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to the Petitioner at the addresses listed below:

**Merlyn Janneth Mejia Bernardez**
**A# 203 460 376**
**Caroline Detention Facility**
**P.O. Box 1460**
**Bowling Green, VA 22427**

Laura G. Griffin, Clerk

By /s/ J.L. Meyers
Deputy Clerk

October 6, 2026